IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WINSTON GEORGE THOMAS,<br>    Petitioner<br><br>    v.<br><br>KENNETH J. ELWOOD,<br>DISTRICT DIRECTOR,[1]<br>INS,<br>    Respondent | :<br>:<br>:<br>:   CIVIL NO. 02-CV-04695(HB)<br>:<br>:<br>:<br>:<br>:<br>: |

GOVERNMENT'S RESPONSE TO PETITION
FOR WRIT OF HABEAS CORPUS

I. INTRODUCTION

This is an alien habeas corpus case. The petitioner, George Winston Thomas ("Thomas") is a citizen of Jamaica through birth there on December 12, 1952.

Thomas was admitted to the United States as a "conditional permanent resident" (presumably through marriage to a citizen or permanent resident) in 1987. The "condition" was removed in 1995; see 87 U.S.C. § 1186(a). Beginning in about 1990 Thomas sustained the first of many arrests in New York, most of which were for minor thefts and "turnstile jumping." Two convictions in particular are

---

[1]     Mr. Elwood, the district director, is substituted for Acting Director Zemski, who retired in late 2001. Fed.R.Civ.P. 25(d)(1).

-1-

pertinent to his immigration case; in September 1990 he was convicted of selling marijuana (4th degree), in violation of N.Y.P.L. § 221.40, and in 1999 he was convicted Criminal Possession of A Controlled substance (7th degree)(cocaine base), in violation of N.Y.P.L. § 220.03. For the latter offense he was sentenced to 8 months imprisonment.

An immigration agent discovered Thomas serving his sentence at Riker's Island, and on May 16, 2001 commenced removal proceedings against him based on the 1990 conviction. Conviction for a controlled substance offense renders an alien deportable under 8 U.S.C. § 1227(a)(2)()B)(i), and may also render the alien deportable as an "aggravated felon;" 8 U.S.C. § 1227(a)(2)(A)(iii); 8 U.S.C. § 1101(a)(43)(B). Upon his release from prison, Thomas was taken into custody by the Immigration & Naturalization Service (INS) and detained in the Philadelphia district, at the Berks County Prison.

In February 2002 the INS amended Thomas' deportation charges by adding the 1999 conviction as well, and deleting any reference to deportability based on an aggravated felony (drug) conviction.

The INS elected to detain Thomas without bail

pursuant to 8 U.S.C. § 1226(c). Thomas appealed to the Immigration Judge (IJ), who on February 22, 2002 reversed the INS and ordered Thomas released on bond in the amount of $7500.00. The INS appealed that ruling to the Board of Immigration appeals (BIA), but the BIA did not "stay" the Immigration judge's order. Accordingly, Thomas is subject to release upon posting the bond in the requisite amount.[2]

On May 29, 2002 Immigration Judge Durling granted Thomas a "waiver" of deportation under the erstwhile 8 U.S.C. § 1182(c)(repealed 1996), and also granted him "cancellation" of removal under 8 U.S.C. § 1229b(a). These discretionary grants have the effect of ending the removal case against Thomas. the INS appealed the grants to the BIA as legally erroneous and an abuse of discretion. That appeal is pending. Neither the IJ's grant of relief nor the INS' appeal on the merits have any bearing on the instant petition, which challenges detention only.

On July 15, 2002 Thomas filed a habeas petition in this Court, challenging his "mandatory" detention under 8

---

[2] The Immigration Judge's bond order and worksheet will be submitted separately to the Court by *praecipe,* as the new electronic filing system is not yet capable of receiving attachments.

-3-

U.S.C. § 1226(c).[3] The Court has subject-matter jurisdiction under 28 U.S.C. § 2241(c)(3). Because Thomas is not detained under § 1226(c), but detained in lieu of bond, his petition should be dismissed.

---

[3] The form petition is captioned "United States ex rel....Thomas," designating the government as both the petitioner and the respondent. The United States moves to strike the term "United States ex rel." from the caption. Black's Law Dictionary (6th ed. 1990) defines a suit brought *ex relatione* as a "legal proceeding[ ] which [is] instituted by the attorney general (or other proper person) in the name and behalf of the state, but on the information and that the instigation of an individual who has a private interest in the matter...." In modern jurisprudence, cases involving the United States *ex relatione* (either as plaintiff or relator) are generally limited to *qui tam* actions brought under the False Claims Act, 31 U.S.C. §§ 3729-3733, and government contract cases brought under the Miller Act, 40 U.S.C. §§ 270a, 270b. While the gratuitous use of "United States ex rel." continues in favor with *pro se* litigants, *see e.g.* United States of America, ex rel. Todd Verdone, pro. per., sui juris, at law, v. Circuit Court for Taylor County, et al., 73 F.3d 669 (7th Cir. 1995), the United States of America is not the petitioner in this action, and has not brought the action arising "ex rel." to Thomas. Moreover, even if captioned "Thomas *ex rel*. United States," this alien lacks standing to bring a habeas action in the name of the United States of America against the Attorney General or his officers. United States of America (ex relatione) Christopher J. Dattola (ex parte) v. National Treasury Employees Union et al., 86 F.R.D. 496 (W.D.Pa. 1980).

II. <u>ARGUMENT</u>

Section 1226(c) of Title 8 mandates the detention of criminal aliens prior to a final order of removal. A removal order is "final" administratively when the BIA decides the appeal in a case. Because the INS exercised its right of appeal, Thomas is still in removal proceedings (when the order is "final," detention is controlled by a different statute, 8 U.S.C. § 1231(a)(6)).

In December 2001 the Third Circuit held that § 1226(c) was unconstitutional as applied to lawful permanent resident alien in removal proceedings; <u>Patel v. Zemski</u>, 275 F.3d 299, 308 (3d Cir. 2001). The Supreme Court granted *certiorari* on the issue (though not in the <u>Patel</u> case) on June 28 of this year; <u>Kim v. Ziglar</u>, 276 F.3d 523 (9th Cir.), <u>cert. granted</u>, 122 S.Ct. 2696 (No. 01-1491 2002).

Section 1226(c) has no application to Thomas' case. Thomas is not subject to "mandatory" detention, but is held in lieu of a bond ($7500.00) determined by the immigration Judge. This bond determination constitutes an "individualized determination" by the Attorney General, <u>see</u>

Patel, 275 F.3d at 314, which is the antithesis of mandatory detention proscribed by Patel. The IJ's discretionary determinations relating to custody and bond are not reviewable for abuse of discretion. See 8 U.S.C. § 1226(e).[4] This is because the standard of review for a habeas petition is illegality; DeSousa v. Reno, 190 F.3d 175, 182-83 + 181 n.5 (3d Cir. 1999)(petition for habeas relief cannot be predicated on discretionary decision); Bowrin v. U.S. I.N.S., 194 F.3d 483, 490 (4th Cir. 1999) ("Only questions of pure law will be considered on § 2241 habeas review. Review of factual or discretionary issues is prohibited"); Sol v. INS, 274 F.3d 648, 651 (2d Cir. 2001)(federal jurisdiction over § 2241 petitions does not extend to review of factual or discretionary determinations).

    Because he is subject to immediate release upon posting a bond in the amount of $7500.00, Thomas has not established that his detention is "mandatory" or that he is held under § 1226(c). Having failed to show that his

---

[4] "The application of this [detention and release] section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." INA § 236(e), 8 U.S.C. § 1226(e).

detention violates the Constitution or the laws of the United States, the petition must be dismissed. 28 U.S.C. § 2241(c)(3).

III. CONCLUSION

    For the foregoing reasons, the petition should be dismissed.

    Respectfully,

    PATRICK L. MEEHAN
    United States Attorney

    _____
    JAMES G. SHEEHAN
    Assistant United States Attorney
    Chief, Civil Division

    _____
    STEPHEN J. BRITT
    Assistant United States Attorney

*Certificate of Service*

I certify hereby that on the 14th Day of August, 2002, I personally served or caused to be served a copy of the attached Government's Answer To Petition For Writ Of Habeas Corpus, addressed to:

>Winston G. THOMAS   A41 306 850
>Berks County Prison   No.  01-6443   A-220
>1287 County Welfare Road
>Leesport, PA           19533-9397
>
>Petitioner *pro se*

by first class mail service upon petitioner.

_____
STEPHEN J. BRITT
Assistant United States Attorney
Suite 1250, 615 Chestnut Street
Philadelphia, PA 19106-4476
(215) 861-8443
(215) 861-8642   telecopier